IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY JOESPH LANERI, III**                                                             **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO.  1:14cv234-LG-RHW**

**RONALD KING,** *et al.*                                                           **DEFENDANTS**

REPORT AND RECOMMENDATION

The undersigned United States Magistrate Judge having reviewed this matter *sua sponte* following reassignment of the case to him on September 16, 2015 makes the following findings and recommendation.

Facts and Procedural History

Henry Laneri, III, filed this *pro se* prisoner civil rights lawsuit June 4, 2014, while he was incarcerated at South Mississippi Correctional Institution (SMCI),[1] alleging Defendants violated his constitutional rights by failing to prevent, or properly respond to, a January 2, 2013 altercation between Laneri and a fellow inmate.  Specifically, Laneri complains that when he went to the tray hole window to get his dinner tray, the inmate who was passing out dinner trays refused to give him one, claiming that Laneri had already received his dinner tray.  Laneri and the other inmate argued, and when Laneri reached into the window to try to grab a tray for himself, the other inmate swung at him through the window, came out of the approximately two foot by two foot tray hole window, hitting Laneri in the face and breaking Laneri's eyeglasses.  Laneri charges that corrections officers Miller, Ferguson and Leverette were standing nearby, and

---

[1] Laneri was released from prison soon after filing this lawsuit.  On August 20, 2014, Laneri changed his address to a free-world address in Bay St. Louis, MS. [28]  As of January 5, 2015, Laneri was again incarcerated due to parole violation. [34] According to his last change of address and the MDOC web site, he is presently at Central Mississippi Correctional Facility serving two sentences totaling eight years for convictions of possession of a controlled substance and possession of contraband in prison.  His tentative release date is February 28, 2016.

"knowingly and negligently recklessly disregarded" the incident. [1, ¶ III] Jackson was on the other side of the wall from Lanieri, standing behind the inmate who was serving trays.

Laneri testified at an October 16, 2014 *Spears*/omnibus hearing that he did not know the other inmate; he had never seen or spoken to him nor had any dealings with him; and the incident was totally unanticipated by him as it happened on the spur of the moment. Nothing in his pleadings or testimony indicates that Laneri ever asked the nearby officers for assistance before the altercation occurred. Laneri takes the position that the officers should have immediately intervened when the kitchen inmate refused to give him a tray and they began to argue. However, Laneri testified he and the other inmate argued for only about a minute before the physical altercation began, and that the physical altercation itself lasted a minute or less. Laneri testified Officer Miller "broke up the ordeal." According to his pleadings and testimony Miller and Jackson made sure Laneri got his dinner tray, and Miller made sure the other inmate received a rules violation report for the incident. Laneri testified at the hearing that he did not mean to name Jared Miller as a Defendant and wanted to dismiss him from the case.

In the complaint, Laneri states that after the incident, he contacted Defendants Ronald King, Beverly Breland and Lt. Cooley[2] either verbally or in grievance forms seeking to have them address the violation of his rights during the incident. [1, ¶ III] Laneri testified King was not present and did not witness the incident; Breland was not in the dining hall when the incident occurred and did not witness it; and Cooley was on the dining hall front porch and came in to the dining hall only when the incident was over or ending.

---

[2] Laneri testified King was Superintendent at SMCI, Breland was the captain on duty that day over the shift in general, and Cooley was the acting lieutenant on duty under Breland.

Discussion

By order [8] entered June 19, 2014, the Court granted Laneri leave to proceed *in forma pauperis* (IFP). The Prison Litigation Reform Act of 1996 applies to prisoners proceeding IFP in this Court. The statute provides that "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."[3] *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). The Court has authority to dismiss as frivolous an *in forma pauperis* complaint which lacks an arguable basis in law or fact. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997).

> A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997)...

*Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

**Grievance Procedure**

To the extent that Laneri claims some constitutional violation based on Defendants' failure to respond to his complaints or grievances, his complaint fails to state a claim upon which relief can be granted, and is frivolous. *See Propes v. Mays*, 169 Fed.Appx. 183, 184-85 (5th Cir. Feb. 23, 2006) (affirming district court dismissal as frivolous of plaintiff's claim that defendants failed to address his grievance). "[A] prisoner does not have a constitutional right to a grievance procedure at all, and he has no due process liberty interest in having his grievances resolved to

---

[3] In this case, Officers Ferguson and Leverette have never been served process, and Officer Jackson has not answered.

his satisfaction." *Staples v. Keffer*, 419 Fed.Appx. 461, 463 (5th Cir. Mar. 21, 2011) (citing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). *See also Bonneville v. Basse*, 536 Fed.Appx. 502, 503 (5th Cir. July 22, 2013); *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. April 17, 2007) (holding prisoner's complaint that warden did not adequately investigate his complaint do not rise to the level of a constitutional claim). To the extent that Laneri claims violation of prison policy and procedure by the officials' failing to respond to his grievance, those allegations, without more, do not rise to the level of a constitutional deprivation. *See Guiden v. Wilson*, 344 Fed.Appx. 980, 981 (5th Cir. 2009)(citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986)("A violation of a prison rule by itself is insufficient to set forth a claim of constitutional violation").

**Supervisory Liability**

Laneri's claims against King, Breland and Cooley fail under authority which holds that supervisory liability under § 1983 may not be based on *respondeat superior*, but only on a supervisor's own wrongful acts or omissions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 n.58 (1978). It must be based on more than the right to control employees, or simple awareness of employees' misconduct. *Leary v. Daeschner*, 349 F.2d 888, 903 (6th Cir. 2003). The gist of Laneri's claim against these three Defendants is that they did nothing when he complained to them after the incident occurred. Such allegations do not present the requisite basis for § 1983 liability against these Defendants. *See Jones v. Livingston*, 2005 WL 3618316, at *3 (S.D. Tex. Jan. 6, 2005) (supervisory prison official's failure to respond to, or denial of, prisoner's grievances does not alone state a claim). "Section 1983 does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). The plaintiff is charged with the requirement of showing that the individual officials were either personally

involved in a deprivation of his rights or that the officials committed wrongful acts which were causally connected to such deprivation. *See James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir.2008). "Personal involvement is an essential element of a civil rights action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). Even if the lack of action by Officers Miller, Ferguson, Leverette and Jackson were deemed to be of constitutional import, Laneri has presented nothing to show that King, Breland or Cooley either actively participated in the acts/omissions of which he complains, or that King, Breland or Cooley themselves implemented unconstitutional policies that resulted in his alleged injury. *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992).

**Failure to protect:**

"The Eighth Amendment affords prisoners protection against injury at the hands of other inmates." *Loisel v. Epps*, 2009 WL 1515079, at *4 (S.D. Miss. June 1, 2009) (citing *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). Prison officials are charged with protecting prisoners from known excessive risk, but they "are not ... expected to prevent all inmate-on-inmate violence." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). The deliberate indifference standard applies to prisoners' claims of failure to protect. *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). To state a cognizable claim for failure to protect under 42 U.S.C. § 1983, Laneri had to present facts showing he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998). A prison official acts with the requisite deliberate indifference if the official is aware of an excessive risk to inmate safety and disregards that risk. *Longoria v. Texas*, 473 F.3d 586, 592-93 (5th Cir. 2006); *see also Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995) (quoting *Farmer v.*

*Brennan*, 511 U.S. 825, 837 (1994)) (to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference.")

By his own testimony, Laneri establishes that he had no reason to believe he was in any danger from the inmate serving dinner trays on January 2, 2013. Laneri did not know the inmate, had never seen him, spoken to him, or had any dealings with him before this unexpected two-minute incident. That being the case, Laneri cannot show the officers he has sued were aware that Laneri was at substantial risk of serious harm from the inmate on the other side of the wall passing trays through the window. At best, Laneri has shown that the officers were not prescient enough to foresee that which he himself had no reason to anticipate, or fleet enough to intervene and stop the fracas in less than the two minutes it lasted (from the beginning of the argument to the end of the physical altercation according to Laneri's testimony). Such facts provide no basis for liability under § 1983. Even negligent failure to protect an inmate from attack is not actionable under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670 (1986); *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001).

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Defendant Jared Miller be dismissed in accordance with Laneri's express wishes stated in the *Spears*/omnibus hearing on October 16, 2014;[4] that Laneri's claims against King, Breland and Cooley be dismissed as frivolous and with prejudice for failure to state a claim upon which relief can be granted; and that his claims against unserved Defendants Ferguson and Leverette, and against Defendant Jackson who has not answered, be dismissed for failure to state a constitutional claim. In light of the

---

[4]The same day the case was transferred to the undersigned, an *ore tenus* motion was entered on the docket requesting that Miller be dismissed from the case pursuant to the October 2014 hearing.

finding that Plaintiff's allegations fail to state a claim, and the "Unnamed SMCI Employees" were merely additional parties against whom Plaintiff sought to bring the same claims, the undersigned recommends dismissal of this lawsuit in its entirety.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he/she objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within 14 days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 18th day of September, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE